AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>JAMES S. SAKKOS | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  11-CR-10341-DPW<br><br>USM Number: 94172-038<br><br>Jeffrey A. Denner<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1-6,7-18,19-44,45 of the Indictment on 7/18/12

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 6/09-4/10 | 1-6 |

The defendant is sentenced as provided in pages 2 through    8    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/12/2012
Date of Imposition of Judgment

*Wm. P. Woodlock*
Signature of Judge

Douglas P. Woodlock                    Judge, U.S. District Court
Name and Title of Judge

*October 15, 2012*
Date

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT:  JAMES S. SAKKOS
CASE NUMBER:  11-CR-10341-DPW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1957 | Monetary Transactions with Proceeds of Unlawful Activity | 11/06-3/11 | 7-18 |
| 21 U.S.C. § 843 | Acquiring Controlled Substances by Fraud | 2007-2010 | 19-44 |
| 18 U.S.C. § 1001 | False Statement in Matter Within Jurisdiction of an Agency of the United States | 6/25/2010 | 45 |

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT:  JAMES S. SAKKOS
CASE NUMBER:  11-CR-10341-DPW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

53 months. This term consists of terms of 53 months on Counts 1 through 6, terms of 53 months on Counts 7 through 18, terms of 48 months on Counts 19 through 44, and a term of 53 months on Count 45, all to be served concurrently.

☑  The court makes the following recommendations to the Bureau of Prisons:

The defendant should participate in all available substance abuse treatment, including, but not limited to, the Bureau of Prisons' 500-Hour Residential Drug Abuse Program. The defendant should be designated to an institution commensurate with security where the Bureau of Prisons can afford appropriate medical care for the defendant's unique medical needs.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____  ☐  a.m.  ☐  p.m.  on _____ .

   ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☑  before 2 p.m. on    11/30/2012 _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JAMES S. SAKKOS
CASE NUMBER: 11-CR-10341-DPW
      ADDITIONAL RECOMMENDATIONS TO THE BUREAU OF PRISONS
                    XADDITIONAL IMPRISONMENT TERMSX

Defendant should participate in mental health treatment, if available at the designated Bureau of Prisons' facility.

DEFENDANT:  JAMES S. SAKKOS
CASE NUMBER:  11-CR-10341-DPW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 years. This term consists of terms of 5 years on Counts 1 through 6, terms of 3 years on Counts 7 through 18, terms of 1 year on Counts 19 through 44, and a term of 3 years on Count 45, all to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, xxdxxxxxxxxxxxxxxxx. not to exceed 104 tests per year, as directed.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

DEFENDANT:  JAMES S. SAKKOS
CASE NUMBER:  11-CR-10341-DPW

## ADDITIONAL SUPERVISED RELEASE TERMS

DEFENDANT SHALL NOTIFY THE US ATTORNEY FOR THIS DISTRICT WITHIN 30 DAYS OF ANY CHANGE OF
MAILING OR RESIDENCE ADDRESS THAT OCCURS WHILE ANY PORTION OF THE RESTITUTION REMAINS
UNPAID.

SO LONG AS HIS FINANCIAL OBLIGATIONS UNDER THIS JUDGMENT ARE OUTSTANDING, DEFENDANT IS
PROHIBITED  FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT
THE APPROVAL OF THE PROBATION OFFICER.

DEFENDANT IS TO PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL
INFORMATION.  FINANCIAL INFORMATION PROVIDED TO THE PROBATION OFFICE BY THE DEFENDANT MAY BE
SHARED WITH THE FINANCIAL LITIGATION UNIT  OF THE US ATTORNEY'S OFFICE.

DEFENDANT IS TO PARTICIPATE IN A PROGRAM FOR SUBSTANCE ABUSE AS DIRECTED BY THE US
PROBATION OFFICE, WHICH PROGRAM MAY INCLUDE TESTING, NOT TO EXCEED 104 DRUG TESTS PER YEAR,
TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF ALCOHOL OR DRUGS.  THE
DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR SUCH TREATMENT
BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT.

DEFENDANT IS TO PARTICIPATE IN A MENTAL HEALTH  TREATMENT PROGRAM AS DIRECTED BY THE US
PROBATION OFFICE.  THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES
FOR SUCH TREATMENT BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT.

DEFENDANT SHALL USE HIS TRUE NAME AND IS PROHIBITED FROM THE USE OF ANY ALIASES, FALSE DATES
OF BIRTH, FALSE SOCIAL SECURITY NUMBERS, INCORRECT PLACES OF BIRTH, AND ANY OTHER PERTINENT
INCORRECT IDENTIFYING INFORMATION.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 8

DEFENDANT: JAMES S. SAKKOS
CASE NUMBER: 11-CR-10341-DPW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 4,500.00 | $ | $ 3,960,000.00 |

☐ The determination of restitution is deferred until ______ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| James Klingenstein, M.D. | | $3,715,000.00 | |
| c/o William J. Lovett, Esq. | | | |
| Collora LLP | | | |
| 600 Atlantic Ave. | | | |
| Boston, MA 02210 | | | |
| Irene Hess | | $225,000.00 | |
| c/o Scott F. Cristman, Esq. | | | |
| Nixon Peabody, LLP | | | |
| Rochester, NY 14604 | | | |
| Carla Ginsberg | | $20,000.00 | |
| [redacted] | | | |
| TOTALS | $ 0.00 | $ 3,960,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT: JAMES S. SAKKOS
CASE NUMBER: 11-CR-10341-DPW

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐   not later than _____ , or
   ☐   in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
          _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
          _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
          term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
          imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

   DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT OF $4,500.00 AND RESTITUTION OF $3,960,000.00,
   IMMEDIATELY OR ACCORDING TO A PAYMENT PLAN ESTABLISHED BY THE COURT IN CONSULTATION
   WITH THE PROBATION OFFICER, IF NOT PAID IN FULL BEFORE RELEASE FROM PRISON THROUGH A
   BUREAU OF PRISONS FINANCIAL RESPONSIBILITY PROGRAM.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Attachment (Page 1) — Statement of Reasons

DEFENDANT:   JAMES S. SAKKOS
CASE NUMBER:   11-CR-10341-DPW
DISTRICT:      District of Massachusetts

# STATEMENT OF REASONS

## I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A  ☑  **The court adopts the presentence investigation report without change.**

B  ☐  **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
*(Use page 4 if necessary.)*

    1  ☐  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

    2  ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

    3  ☐  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

    4  ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II    COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply.)*

A  ☑  No count of conviction carries a mandatory minimum sentence.

B  ☐  Mandatory minimum sentence imposed.

C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

    ☐  findings of fact in this case

    ☐  substantial assistance (18 U.S.C. § 3553(e))

    ☐  the statutory safety valve (18 U.S.C. § 3553(f))

## III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE *(BEFORE DEPARTURES)*:

Total Offense Level:  **24**
Criminal History Category:   **I**
Imprisonment Range:  **51**  to  **63**  months
Supervised Release Range:  **2**  to  **5**  years
Fine Range: $  **10,000**  to  $ **1,400,000**

☑  Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Attachment (Page 2) — Statement of Reasons

DEFENDANT:   JAMES S. SAKKOS
CASE NUMBER:   11-CR-10341-DPW
DISTRICT:    District of Massachusetts

# STATEMENT OF REASONS

**IV**    **ADVISORY GUIDELINE SENTENCING DETERMINATION** *(Check only one.)*

    A    ☑    **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

    B    ☐    **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.** *(Use page 4 if necessary.)*

    C    ☐    **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.** *(Also complete Section V.)*

    D    ☐    **The court imposed a sentence outside the advisory sentencing guideline system.** *(Also complete Section VI.)*

**V**    **DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** *(If applicable.)*

    A    **The sentence imposed departs** *(Check only one.)*:
       ☐  below the advisory guideline range
       ☐  above the advisory guideline range

    B    **Departure based on** *(Check all that apply.)*:

       1    **Plea Agreement** (Check all that apply and check reason(s) below.):
         ☐  5K1.1 plea agreement based on the defendant's substantial assistance
         ☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
         ☐  binding plea agreement for departure accepted by the court
         ☐  plea agreement for departure, which the court finds to be reasonable
         ☐  plea agreement that states that the government will not oppose a defense departure motion.

       2    **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
         ☐  5K1.1 government motion based on the defendant's substantial assistance
         ☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
         ☐  government motion for departure
         ☐  defense motion for departure to which the government did not object
         ☐  defense motion for departure to which the government objected

       3    **Other**
         ☐  Other than a plea agreement or motion by the parties for departure *(Check reason(s) below.)*:

    C    **Reason(s) for Departure** *(Check all that apply other than 5K1.1 or 5K3.1.)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (*e.g.*, 2B1.1 commentary) |

    D    **Explain the facts justifying the departure.** *(Use page 4 if necessary.)*

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Attachment (Page 3) — Statement of Reasons

DEFENDANT: JAMES S. SAKKOS
CASE NUMBER: 11-CR-10341-DPW
DISTRICT:         District of Massachusetts

# STATEMENT OF REASONS

## VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
*(Check all that apply.)*

A    **The sentence imposed is** *(Check only one.)*:
☐ below the advisory guideline range
☐ above the advisory guideline range

B    **Sentence imposed pursuant to** *(Check all that apply.)*:

1    **Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2    **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system *(Check reason(s) below.)*:

C    **Reason(s) for Sentence Outside the Advisory Guideline System** *(Check all that apply.)*

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.** *(Use page 4 if necessary.)*

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Attachment (Page 4) — Statement of Reasons

DEFENDANT:  JAMES S. SAKKOS
CASE NUMBER:  11-CR-10341-DPW
DISTRICT:    District of Massachusetts

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A  ☐  Restitution Not Applicable.

B     Total Amount of Restitution:    3,960,000.00

C     Restitution not ordered *(Check only one.)*:

   1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of
          identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex
          issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree
          that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

   3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not
          ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh
          the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4  ☐  Restitution is not ordered for other reasons. *(Explain.)*

D  ☐  Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE *(If applicable.)*

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:    XXX-XX-0367

Defendant's Date of Birth:    1966

Defendant's Residence Address:
  Holliston, MA
Defendant's Mailing Address:
  Same as above.

Date of Imposition of Judgment
10/12/2012

Signature of Judge
Douglas P. Woodlock        U.S.D.J.
Name and Title of Judge
Date Signed  *October 15, 2012*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-10341-DPW |
| | ) |
| JAMES S. SAKKOS, | ) |
| Defendant. | ) |

## **ORDER OF FORFEITURE (MONEY JUDGMENT)**

### **WOODLOCK, D.J.**

WHEREAS, on October 19, 2011, a federal grand jury sitting in the District of

Massachusetts returned a 45-count Indictment charging defendant James S. Sakkos (the

"Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Six),

Monetary Transaction with Proceeds of Unlawful Activity, in violation of 18 U.S.C. § 1957

(Counts Seven through Eighteen), Acquiring Controlled Substances by Fraud in violation of 21

U.S.C. § 843 (Counts Nineteen through Forty-Four), and False Statement in a Matter Within the

Jurisdiction of an Agency of the United States, in violation of 18 U.S.C. § 1001 (Count Forty-

Five);

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought

the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts

One through Six of the Indictment, of any property, real or personal, that constitutes, or is

derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 18 U.S.C.

§ 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction

of the Defendant of one or more offenses alleged in Counts Seven through Eighteen of the

1

Indictment, of any property, real or personal, involved in such offenses, or any property traceable to such property;

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 21 U.S.C. § 853(a), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts Nineteen through Forty-Four of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses;

WHEREAS, the Indictment further provided that, if any of the properties, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c);

WHEREAS, on July 18, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Forty-Five of the Indictment, pursuant to a written plea agreement that he signed on May 16, 2012;

WHEREAS, in Section 8 of the plea agreement, the Defendant consented to the entry of an order of forfeiture for a Money Judgment in the amount of $3,860,000;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on July 18, 2012, the United States is entitled to an Order of Forfeiture consisting of a personal

2

money judgment against the Defendant in the amount of $3,860,000 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant, in the amount of $3,860,000 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.     The Defendant shall forfeit to the United States the sum of $3,860,000 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.     The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.     The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

3

5.    Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence

pronounced and imposed by the Court at the sentencing hearing, and in the criminal

judgment entered by this Court against the Defendant.



DOUGLAS P. WOODLOCK
United States District Judge

Dated: *October 15, 2012*

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-10341-DPW |
| | ) |
| JAMES S. SAKKOS, | ) |
| Defendant. | ) |

## **PRELIMINARY ORDER OF FORFEITURE**

### **WOODLOCK, D.J.**

WHEREAS, on October 19, 2011, a federal grand jury sitting in the District of

Massachusetts returned a 45-count Indictment charging defendant James S. Sakkos (the

"Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Six),

Monetary Transaction with Proceeds of Unlawful Activity, in violation of 18 U.S.C. § 1957

(Counts Seven through Eighteen), Acquiring Controlled Substances by Fraud in violation of 21

U.S.C. § 843 (Counts Nineteen through Forty-Four), and False Statement in a Matter Within the

Jurisdiction of an Agency of the United States, in violation of 18 U.S.C. § 1001 (Count Forty-

Five);

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought

the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts

One through Six of the Indictment, of any property, real or personal, that constitutes, or is

derived from, proceeds traceable to the commission of the offenses. Such property

specifically included, without limitation:

    a.  the real property located at 80 Fiske Street, Holliston, Massachusetts, including all
        buildings and appurtenances thereon, more particularly described in a deed recorded
        at Book 36239, Page 90 at the Middlesex South District Registry of Deeds;

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts Seven through Eighteen of the Indictment, of any property, real or personal, involved in such offenses, or any property traceable to such property;

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 21 U.S.C. § 853(a), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts Nineteen through Forty-Four of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses;

WHEREAS, on March 15, 2012, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. §§ 1343 and 1957. The Bill of Particulars identified properties including, but not limited to, the following:

> a. one blue 2008 BMW 135I Coupe, bearing vehicle identification number WBAUC73508VF22439 and Massachusetts Registration 488AF4;
>
> b. one black 2006 Audi A4, bearing vehicle identification number WAUDF78E86A204764 and Massachusetts Registration 325NS7;
>
> c. one gray 2009 Mercedes-Benz C300W, bearing vehicle identification number WDDGF81X29F255594 and Massachusetts Registration 8NM370;
>
> d. $36,194.91 in United States currency, seized on or about October 24, 2011 from Sovereign Bank Account number 10022871981, held in the name of David Sakkos;

2

> e. $22.67 in United States currency, seized on or about October 24, 2011 from Bank of America Account number 004624077787, held in the name of Heather Ann Sakkos; and
>
> f. $.33 in United States currency, seized on or about October 24, 2011 from Milford National Bank Account number 1315459924, held in the name of James Sakkos,

(collectively, with the real property identified in the second paragraph, the "Properties").

WHEREAS, the Indictment further provided that, if any of the Properties, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c);

WHEREAS, on July 18, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Forty-Five of the Indictment, pursuant to a written plea agreement that he signed on May 16, 2012;

WHEREAS, in Section 8 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they constitute, or are derived from, proceeds of the offenses, and/or were involved in such offenses, or are property traceable to such property. The Defendant, therefore, consented to the forfeiture of all of his interests in the Properties;

WHEREAS, in light of the Defendant's guilty plea and admissions in the written plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, the Properties are subject to

3

forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

4

6.     Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7.     Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the Properties.

8.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

5

sentencing, will be part of the Defendant's criminal sentence, and will be included in the

criminal judgment entered by this Court against him.



DOUGLAS P. WOODLOCK
United States District Judge

Dated: *October 15, 2012*

6