UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10341-DPW |
| | ) | |
| JAMES S. SAKKOS, | ) | |
| Defendant. | ) | |

**FINAL ORDER OF FORFEITURE**
**IN PARTIAL SATISFACTION OF MONEY JUDGMENT (PERSONAL PROPERTIES)**

**WOODLOCK, D.J.**

WHEREAS, on October 19, 2011, a federal grand jury sitting in the District of Massachusetts returned a 45-count Indictment charging defendant James S. Sakkos (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Six), Monetary Transaction with Proceeds of Unlawful Activity, in violation of 18 U.S.C. § 1957 (Counts Seven through Eighteen), Acquiring Controlled Substances by Fraud in violation of 21 U.S.C. § 843 (Counts Nineteen through Forty-Four), and False Statement in a Matter Within the Jurisdiction of an Agency of the United States, in violation of 18 U.S.C. § 1001 (Count Forty-Five);

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts One through Six of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment contained further forfeiture allegations, pursuant to 18 U.S.C.

1

§ 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts Seven through Eighteen of the Indictment, of any property, real or personal, involved in such offenses, or any property traceable to such property;

WHEREAS, the Indictment also contained forfeiture allegations, pursuant to 21 U.S.C. § 853(a), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more offenses alleged in Counts Nineteen through Forty-Four of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense;

WHEREAS, the Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c);

WHEREAS, on March 15, 2012, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific properties that the government intended to forfeit pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. §§ 1343 and 1957;

WHEREAS, the Bill of Particulars identified properties including, but not limited to, the following:

    a. one blue 2008 BMW 135I Coupe, bearing vehicle identification number WBAUC73508VF22439 and Massachusetts Registration 488AF4;

    b. one black 2006 Audi A4, bearing vehicle identification number WAUDF78E86A204764 and Massachusetts Registration 325NS7

(items a. and b. will be collectively referred to as the "Vehicles");

    c. one gray 2009 Mercedes-Benz C300W, bearing vehicle identification number WDDGF81X29F255594 and Massachusetts Registration 8NM370;

    d. $36,194.91 in United States currency, seized on or about October 24, 2011 from Sovereign Bank Account number 10022871981, held in the name of David Sakkos;

    e. $22.67 in United States currency, seized on or about October 24, 2011 from Bank of America Account number 004624077787, held in the name of Heather Ann Sakkos; and

    f. $.33 in United States currency, seized on or about October 24, 2011 from Milford National Bank Account number 1315459924, held in the name of James Sakkos,

(items c. through f. will be collectively referred to as the "Remaining Personal Properties");

WHEREAS, on July 18, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Forty-Five of the Indictment, pursuant to a written plea agreement that he signed on May 16, 2012;

WHEREAS, in Section 8 of the plea agreement, the Defendant admitted that the Vehicles and Remaining Personal Properties are subject to forfeiture because they constitute, or are derived from, proceeds of the offenses, and/or were involved in such offenses, or are property traceable to such property. The Defendant also consented to the entry of orders of forfeiture for a Money Judgment in the amount of $3,860,000 and for forfeiture of the Vehicles and Remaining Personal

Properties in satisfaction of the Money Judgment. The Defendant therefore consented to the forfeiture of all of his interests in the Vehicles and Remaining Personal Properties;

WHEREAS, on October 15, 2012, this Court issued an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant in the amount of $3,860,000 in United States currency. On that same day, this Court issued a Preliminary Order of Forfeiture against the Vehicles and Remaining Personal Properties, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on October 22, 2012 and ending on November 20, 2012;

WHEREAS, on March 6, 2013, Herb Chambers filed a Petition pursuant to 21 U.S.C. § 853 concerning the Vehicles *only*;

WHEREAS, as of this date, no additional parties have filed petitions claiming an interest in either the Vehicles or the Remaining Personal Properties, and the time within which to do so has expired; and

WHEREAS, the United States and Herb Chambers now desire to reach a full and final settlement of this matter in regards to the Vehicles, and the Parties state that they have entered into the attached Settlement Agreement.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Joint Amended Motion for a Final Order of Forfeiture in Partial Satisfaction of Money Judgment (Personal Properties) is allowed.

2.  The United States of America is now entitled to the forfeiture of all right, title or interest in the Vehicles and Remaining Personal Properties, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3.  The United States shall release up to $4,500 in net proceeds from the sale of the Vehicles to Herb Chambers, less any debt owed to the United States or any agency of the United States, or any debt owed which the United States is authorized to collect, in accordance with United States Treasury Department policy regarding the release of seized property, via undersigned counsel, in accordance with the attached Settlement Agreement and pursuant to wire instructions to be provided by Herb Chambers to the United States Attorney's Office.

4.  All other parties having any right, title or interest in the Vehicles and Remaining Personal Properties are hereby held in default.

5.  The United States Internal Revenue Service is hereby authorized to dispose of the Vehicles and Remaining Personal Properties in accordance with applicable law.

_/s/ Douglas P. Woodlock_
DOUGLAS P. WOODLOCK
United States District Judge

Dated: 3 June 2013

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 11-10341-DPW |
| | ) | |
| JAMES S. SAKKOS, | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT
### (2008 BMW 135I Coupe and 2006 Audi A4)

The United States of America, by and through its attorney, Carmen M. Ortiz, and Herb Chambers of Natick, Inc. d/b/a Herb Chambers Mercedes-Benz of Natick ("Herb Chambers"), by and through its undersigned counsel (collectively, the "Parties"), set forth the following:

WHEREAS, on October 19, 2011, a federal grand jury sitting in the District of Massachusetts returned a 45-count Indictment charging defendant James S. Sakkos (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Six), Monetary Transaction with Proceeds of Unlawful Activity, in violation of 18 U.S.C. § 1957 (Counts Seven through Eighteen), Acquiring Controlled Substances by Fraud in violation of 21 U.S.C. § 843 (Counts Nineteen through Forty-Four), and False Statement in a Matter Within the Jurisdiction of an Agency of the United States, in violation of 18 U.S.C. § 1001 (Count Forty-Five);

WHEREAS, the Indictment contained a Forfeiture Allegation that sought the forfeiture, upon conviction of any offense alleged in Counts One through Six, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the Indictment contained an additional forfeiture allegation that sought the forfeiture, upon conviction of any offense alleged in Counts Seven through Eighteen, of any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1);

WHEREAS, on March 28, 2012, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c). The Bill of Particulars provided notice that the government sought the forfeiture of, without limitation, the following specific properties, among others:

    a.    one blue 2008 BMW 135I Coupe, bearing vehicle identification number WBAUC73508VF22439 and Massachusetts Registration 488AF4; and

    b.    one black 2006 Audi A4, bearing vehicle identification number WAUDF78E86A204764 and Massachusetts Registration 325NS7

(collectively, the "Vehicles");

WHEREAS, on July 18, 2012, the Defendant pled guilty to Counts One through Forty-Five of the Indictment, pursuant to a written plea agreement he signed on May 16, 2012. *See* Docket No. 27. In Section 8 of the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture as a result of his guilty plea;

WHEREAS, on October 15, 2012, the United States District Court for the District of Massachusetts entered a Preliminary Order of Forfeiture as to the Vehicles, among other assets, forfeiting the Defendant's interests in the Vehicles to the United States;

WHEREAS, on March 6, 2013, Herb Chambers filed a Petition pursuant to 21 U.S.C. § 853 to assert its interest in the Vehicles based upon outstanding invoices for repair worked performed on the Vehicles prior to their seizure;

WHEREAS, as of this date, no other party has filed a claim to or asserted an interest in the Vehicles, and the time within which to do so has expired; and

WHEREAS, the Parties desire to reach a full and final settlement of this matter.

NOW THEREFORE, it is stipulated and agreed by and between the undersigned Parties as follows:

1. Upon execution by the Parties, this Agreement shall be filed with the United States District Court for the District of Massachusetts. This Court shall retain jurisdiction to enforce the provisions of this Agreement.

2. Subject to the terms set forth in this Agreement, and in any Final Order of Forfeiture entered by the Court, the Parties agree that the Vehicles shall be forfeited to the United States.

3. The Internal Revenue Service ("IRS"), or its agent, shall dispose of the Vehicles. The IRS shall arrange for, and shall have sole control of, the sale of the Vehicles, in accordance with the regulations prescribed by the United States Department of Treasury and the policies regarding the disposition of forfeited vehicles. The IRS may, among other things, retain professionals in its reasonable best efforts to auction and sell the Vehicles at the highest possible price. The IRS shall have sole discretion in negotiating, accepting, and rejecting offers for the Vehicles.

4. The IRS shall satisfy all costs and expenses reasonably incurred by the United States and the IRS in storing, auctioning and selling the Vehicles.

5. Subject to the terms set forth in this Agreement, and in any Final Order for Forfeiture entered by the Court, the Parties further agree that after entry of a Final Order of

Forfeiture and after the United States' sale of the Vehicles pursuant to the Paragraphs 3 and 4 above, the United States shall release up to $4,500[1] in net sale proceeds to Herb Chambers, less any debt owed to the United States or any agency of the United States, or any debt owed which the United States is authorized to collect, in accordance with United States Treasury Department policy regarding the release of seized property, via undersigned counsel, pursuant to wire instructions to be provided by Herb Chambers to the United States Attorney's Office.

6. Upon execution of this Agreement, the Parties shall file a Joint Motion for Final Order of Forfeiture and a proposed Final Order of Forfeiture in the United States District Court for the District of Massachusetts, requesting that the Court order the forfeiture of the Vehicles in accordance with this Settlement Agreement.

7. The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all claims arising out of the seizure and/or forfeiture of the Vehicles.

8. The Parties further agree that this Settlement Agreement does not constitute a determination of any kind as to whether Herb Chambers has a vested, legal right, title or interest in the Vehicles or is a bona fide purchaser for value of the Vehicles as defined by 21 U.S.C. § 853(n), which 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c) incorporate, but, instead, is solely to resolve the existing dispute and Herb Chambers' March 6, 2013 Petition.

---

[1] If the net sale proceeds of the Vehicles amount to **more** than $4,500, then the United States will release $4,500 to Herb Chambers. If the net sale proceeds of the Vehicles amount to **less** than $4,500, then the United States will release all of the net sale proceeds to Herb Chambers. If there are no net sale proceeds of the Vehicles, then the United States will make no payment to Herb Chambers.

9. Herb Chambers generally and unconditionally releases, indemnifies and will hold harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office, and the United States Internal Revenue Service as well as any state, county, or local law enforcement agencies whose personnel assisted, or will assist, in the forfeiture proceedings against the Vehicles, including but not limited to the search, seizure, temporary custody, and maintenance of the Vehicles, from any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the forfeiture proceedings including but not limited to the search, seizure, temporary custody, maintenance and forfeiture against the Vehicles, or the provisions of the instant Settlement Agreement.

10. Without in any way limiting the generality of Paragraph 9, above, Herb Chambers specifically agrees to waive any and all constitutional claims that they may have arising from or relating in any way to this forfeiture action or the seizure of the Vehicles, including claims that the seizures violate the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

11. All rights of appeal are hereby waived by the Parties with respect to the forfeiture matters encompassed by this Agreement. Except as otherwise provided in this Agreement, each party shall bear its own fees, including attorney's fees and other expenses, incurred by it in

connection with any of the proceedings pertaining directly or indirectly to this forfeiture proceeding.

12. Herb Chambers agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt owed to the United States by Herb Chambers.

13. Herb Chambers hereby acknowledges that it is, and has been, represented by competent counsel in connection with this Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained it, and that it is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

14. The Parties agree that the terms of this Agreement are fair and just under all the circumstances.

IN WITNESS WHEREOF, the United States of America, by its attorney, and Herb Chambers of Natick, Inc. d/b/a Herb Chambers Mercedes-Benz of Natick, by and through its attorney, hereby execute this Agreement.

HERB CHAMBERS OF NATICK, INC.
d/b/a HERB CHAMBERS
MERCEDES-BENZ OF NATICK
By its attorney,

By: *[signature]*
Michael J. Heineman, Esq.
Mingace & Heineman, P.C.
284 Union Avenue
Framingham, MA 01702
(508) 626-8500
mheineman@mingaceheineman.com

Christopher H. Mingace
BBO# 556834

Date: 5/17/2013

CARMEN M. ORTIZ,
United States Attorney

By: *[signature]*
Veronica M. Lei
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
veronica.lei@usdoj.gov

Date: 5/23/13

HERB CHAMBERS OF NATICK, INC.
d/b/a HERB CHAMBERS MERCEDES-BENZ OF NATICK

By: *[signature]*
Michael Collins, General Manager

Date: 5/16/13

7